## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JCP PROPERTIES, LTD. | § | CASE NO. 11-70827-M-11 |
| | § | |
| | § | CHAPTER 11 |

## PLAN OF REORGANIZATION OF JCP PROPERTIES, LTD. DEBTOR

TO THE HONORABLE JUDGE OF SAID COURT:

JCP PROPERTIES, LTD., DEBTOR in this cause, files this Plan of Reorganization, and would show the court the following:

## I.    DEFINITIONS

For the purpose of this Plan of Reorganization, the following definitions shall apply:

The following terms when used in the Plan, or in the Disclosure Statement, shall, unless the context otherwise requires, have the following meanings. A term used in the Plan and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", or "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Further, some terms defined herein are defined in the sections in which they are used.

**Administrative Claim:** means any cost, claim or expense of administration in the Chapter 11 case which has been allowed and entitled to priority in accordance with the provisions of 330,503(b) and 507(a) of the Code, including, any actual and necessary expensed of preserving the Debtor's estate including, without limitation, all fees and expensed to the extent allowed by the Court under 330,503(b) under Chapter 123 of Title 28, United States Code, to the extent incurred by the Debtor, during the case and after confirmation regarding Claims Allowance, avoidance actions, or the like (whether or not Allowed).

**Allowance Date:** means the date an order of the Court Allowing a Claim in the Case has become a Final Order and non appealable and no appeal there from is pending.

**Allowed Claim:** shall be any Claim against the Debtor, provided: (a) proof shall be in the form of a Proof of Claim which was timely and properly filed or, if no proof of Claim was filed, which has been listed by the Debtor on the Schedules as liquidated in amount and not disputed or

*Chapter 11 Plan*

contingent and (b) in either case, a Claim as to which no objection to the Allowance thereof has been interposed on or before the applicable period of limitation fixed by the Plan, the Code, the Rules of the Court, or order of the Court; or as to which any objection is determined in favor of a claimant, and whether or not Allowed by an order of the Court, to the extent incurred by the Debtor and not paid from sources other than Property of the Estate. Unless otherwise specified herein or by order of the Court, "Allowed Claim" shall not include any informal claim, nor interest on any Plan. Unless a claim is an Allowed Claim, such Claim shall not be entitled to participate in any distribution under the Plan, and failure of any Claimant to take the necessary action to secure Allowance shall bar the existence of any liability of the Debtor or parties Discharged to that Claimant, and Claimant rights, if any, shall be Discharged by the confirmation of this Plan as provided by the Plan, applicable law and Bankruptcy code.

**Allowed Secured Claim:** means an Allowed Claim arising on or before the petition date that is secured by a valid and perfected lien upon Property of the Estate; excluding property subject to avoidable transfers which shall be deemed not an Allowed Secured Claim or an Allowed Claim for which the Debtor assert a set off under Section 553 of the Code; to the extent of the value (which is set forth in the Schedules or if objection is made timely to value, either agreed by the Debtor pursuant to the Plan, in  writing, or in the absence of an agreement, has been determined in accordance with Section 506(a) or 1111(b) of the Code at or prior to Confirmation Date) of the interest of the holder of such Allowed Claim in Property of the Estate. That portion of any such Secured Claim exceeding the value of security held therefore shall be a Deficiency Claim unless expressly modified by the Plan.

**Avoidance Action:** shall mean a cause of action assertable by the Debtor or their successors pursuant to sections 542, 543, 544, 545, 547, 548, 549, 550, or 553 of the Bankruptcy Code.

**Bankruptcy Code**:  means the Bankruptcy Code of 1978 as contained in Title 11, U.S.C. 101 et seq. and the amendments thereto. All references to any statute in this plan are references to the Bankruptcy Code as defined therein.

**Bar Date**:  means the deadline for filing proofs of claims against the Debtor or any other date established pursuant to an Order of the Court with respect to any other creditor; or, with respect to any allowed Administrative Claim or Claim arising with respect to rejection of an executory contract, such other date as this Plan, the Court of the Bankruptcy Code may establish pursuant to the Plan (or other Order) and after which any proof of Claim files will not be Allowed, and the later filing of which will have no effect on the distributions provided in this Plan or effect the discharge or re-judicata effect of any discharge or injunction provided in the Plan. No informal filing or other document shall constitute a Proof of Claim except as provided in this Plan.

**Claim:** shall mean
(i)      any "right to payment" either directly from the Debtor of Debtor in Possession or indirectly as a result of the Debtor's liability to third parties arising out of contract (e.g. a joint guaranty), tort (e.g. subordination), legal tort (e.g. equitable claim) or

*Chapter 11 Plan*

arising in any respect as a tax, tax penalty or interest or charge or imposition by a Governmental Unit resulting from a pecuniary or non-pecuniary loss by any Governmental Unit, that arose on or before the confirmation Date, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, contested, uncontested, legal equitable, secured, or Unsecured.

(ii)    or any right under 502(h)

(iii)    or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un-matured, contested, uncontested, secured, or Unsecured;

(iv)    or any right to a remedy in equity of at law arising out of violation of any rule or regulation of a Governmental Unit and any and all priority claims of every nature; and

(v)    or any right to look to the community property made property of the estate by 11 U.S.C. 541 and the marriage of the Debtor to his non-filing spouse.

**Class or Classes:** means the particular Class designated in this Plan pursuant to Bankruptcy Code Sections 1122 and 1129 and in which Creditors' Claims may be included as provided in this Plan.

**Chapter 11 Case:** means the Chapter 11 case now pending in the United States Bankruptcy Court for the Southern District of Texas, JCP PROPERTIES, LTD., filed in the U.S. Bankruptcy Court, Southern District of Texas, McAllen Division, having been commenced pursuant to 11 U.S.C. Section 101, et seq.

**Confirmation Order:** means the signing and entry of the Order Confirming Plan entered pursuant to U.S.C. 1129, and is deemed to include in the Plan all provisions of such Order or any subsequent Amended Order confirming the Plan, any authorized Modifications and providing for the continued operations of the Debtor and approval of this Plan.

**Confirmation Date:** shall mean the date set by the Court pursuant to 11 U.S.C. 1128 for the hearing on Confirmation of the Plan.

**Contested:** when used with respect to a Claim, shall mean a Claim against the Debtor (I) that is listed in the Debtor's schedule of liabilities as disputed, contingent, or unliquidated;  (ii) that is listed in the Debtor's schedule of liabilities as undisputed, liquidated, and not contingent and as to which a proof of Claim has been filed with the Bankruptcy Court, to the extent the proof of claim exceeds the scheduled amount;  (iii) that is not listed in the Debtor's schedule of debts, but as to which a proof of claim has been filed with the Bankruptcy court: or (iv) as to which an objection has been filed.

**Court:**  shall mean The United States Bankruptcy Court for the Southern District of Texas, McAllen Division, acting in this case.

*Chapter 11 Plan*

**Creditor or Claimant**:  shall mean any entity that has a claim against the Debtor that arose at the time of or before the filing of the petition in this case as defined in 101(4) of the Bankruptcy Code.

**Debt:** shall mean any liability on a Claim held by any Person, Claimant or Subordinate Unsecured Claimant.

**Debtor:**  shall mean JCP PROPERTIES, LTD.

**Deficiency Claim**: means Unsecured Claims remaining after deducting the full value of the collateral of the Secured Claimant.

**Discharge:** means the release, satisfaction and full and final settlement of a Claim on any Debt as specifically provided in this Plan with respect to the Discharged party.

**Distributions Under the Plan:** means except as otherwise provide herein or as ordered by the Bankruptcy Court, Distributions to be made on account of Claims that are Allowed Claims as of the Effective Date shall be made on the first day of the month following one full month after the Effective Dated, provided however, that should such Allowed Claims be paid in the ordinary course of business, the distribution date shall be such date the Allowed Claim becomes payable under the terms of any contract or agreement or applicable non-bankruptcy law.

**Effective Date:** shall mean the eleventh day following the day of the entry of the Order confirming plan.

**Estate Assets or Property of the Estate:** shall mean the estate created by 11 U.S.C. 541 on the commencement of the Chapter 11 Case consisting of all property owned by the Debtor upon the date of the filing of the Chapter 11 Case, including personal and real property, all accounts and accounts receivable, and the right to recover any Debt from any third party or Creditor, and the income or proceeds of Property of the Estate.

**Final Decree**:  means the last order of the Court entered in accordance with Bankruptcy Rule 3022 pursuant to 11 U.S.C. 350.

**Final Order or Final Judgment:** shall mean an order of the Court which, not having been appealed, reversed, modified or amended and not having been stayed or the time to appeal from which or to seek review or rehearing of which having expired, has become conclusive of all matters adjudicated thereby and is in full force and effect.

**Governmental Unit:** shall mean "governmental unit" as defined in 11 U.S.C. 101 and shall include any taxing unit and any administrative agency of any such Governmental Unit.

*Chapter 11 Plan*

**Objection**: shall mean a contested matter, adversary proceeding, or any counterclaim or cross-action in any adversary proceeding initiated for the purposed of objecting to any Claim of a Creditor and shall include any action brought by a Creditor or removed to the Court after Confirmation of this Plan which deals with any Claims treated in, or arising under, or released or Discharged under this Plan or which may effect the administration of this Plan.

**Payment in Full and Paid in Full:** means the receipt by or for the account of a Creditor of consideration the value of which equals the amount of its Allowed Claim or the amount provided in this Plan for payment to such holder of the Allowed Claim.

**Person**: means an individual, corporation, limited liability company, partnership, joint venture, trust, estate, unincorporated organization, or a government of Governmental Unit or any agency or political subdivision thereof.

**Petition Date**: means December 5, 2011, the date the Voluntary Petition was filed by the Debtor.

**Plan:**   means this Plan of Reorganization is subject to confirmation by voluntary petition under Chapter 11 of the Bankruptcy Code and now pending in this Court.

**Proof of Claim**: shall mean the official form provided for the written filing proofs of a Debt or Claim providing for the inclusion of documentary evidence or written explanation which has been substantially completed and timely filed unless filing is not required by this Plan or the Bankruptcy Code (regarding undisputed and liquidated Claims scheduled as such) and which timely filed Proof of Claim has been signed under the penalty of perjury as provided in such official form.

**Priority Tax Claim**: means any Claim of a Governmental Unit of the kind entitled to priority in payment as specified in Sections 502(j) and 507 (a)(8) of the Bankruptcy Code.

**Pro Rata Share:** means the amount which is the result of multiplying the net proceeds or dividend available for distribution at any given time to a Class of Claimants by that fraction in which the numerator is the Allowed amount of the claim of the particular Creditor of the names Class and the denominator is the total of the Allowed amounts of all the Creditors' Allowed Claims of such Class.

**Property of The Estate:** shall mean the estate created by 11 U.S.C. 541 on the commencement of the Chapter 11 case consisting of all property owned by the Debtor upon the date of filing of the chapter 11 case.

**Professional Fees:** means those Allowed Claims for reasonable and necessary professional fees which are Allowed pursuant to this Plan and/or the 11 U.S.C. 330, 503(b)(D) and entitled to priority status as administrative expensed pursuant to 11 U.S.C. 507(a)(1).

*Chapter 11 Plan*

**Rule(s) or Rules of the Court:** means the rules of procedure in bankruptcy cases applicable to cases pending before the Court, and if made applicable, as amended from time to time, including Rules in effect, if any, regarding Chapter 11 cases.

**Schedules or Scheduled:** means the Schedules and Statement of Financial Affairs filed in this Bankruptcy case by the Debtor, including the list of assets, Creditors, Exempt Property, and including any amendments and/or supplements thereto up to and including the Confirmation Date.

**Settled Claim or Settlement with respect to a Claim:** means a claim that is no longer contested or, whether or not an Allowed Claim, is the subject of a compromise between the Debtor and the respective creditor regarding payment and additional payments from other than Property of the Estate.

**Secured Creditor:** means a creditor holding an Allowed Secured Claim, and may include any valid and enforceable Judgment Lien released herein.  Including but not limited to: statutory liens, other involuntary lines or mortgages, and voluntary liens.

**Subordinated Creditors:** means Creditors whose Claims are subordinated: (I) in accordance with 11 U.S.C. 510 or 1129(b) by Final Order; or (ii) pursuant to this Plan.

**Substantial Consummation:**
All or substantially all of the property proposed by the plan to be transferred has been transferred;
The Debtor or any successor to the Debtor under the plan has assumed operation of the Debtor's business or assumed possession of all or substantially all of the property dealt with by the plan; and
Distributions under the plan have commenced.

**Termination Date:** means the day on which all payments due under this Plan have been made, whether such payments are prior to or subsequent to a Declared Default under this Plan, or seventy two (72) months after the Effective Date, which ever first occurs.

**Unsecured Claim**: shall mean a Claim or the part of a claim which is not secured by a lien, security interest or other charge against or interest in Property of the Estate in which Debtor has an interest and shall include a Claim arising out of the rejection of any executory contract under 11 U.S.C. 365 and deficiency claim, administrative claim or any claim asserted by an affiliate or insider to the Debtor, and excluding any interest, attorney's fees, costs of collection or the like not earned and due on the Petition Date and, with respect to distributions, only to the extent constituting and Allowed Unsecured Claim under this Plan.

A term used in this PLAN, not otherwise defined herein or in the Disclosure Statement but used in the Code, shall have the definition assigned to such term in the Code.

*Chapter 11 Plan*

## II.  CLASSIFICATION AND TREATMENT OF CLAIMS

An analysis of this Plan, together with a detailed history of the Debtor is found in the Disclosure Statement which must be approved by the Court Prior to the hearing on confirmation but not prior to the solicitation of acceptances under this Plan, and reference thereto should be made for such historic, explanatory, and financial information.  However such Disclosure Statement, as may be amended from time to time with Court approval, when and as approved is not a substitute for a full and complete reading of this Plan.  This Plan provided for resolution of all disputes with respect to property of the estate.

Pursuant to 11 U.S.C. 1122 set forth below is a designation of classes of Claims and Interests. Administrative Expensed and Priority Claims of the kinds specified in 11 U.S.C. 507(a)(8) have not been classified and are excluded from the following classes in accordance with 11 U.S.C. 1123(a)(1):

The following treatment shall be accorded claims or interests of the class of creditors shown:

Classification of Classes under the Plan

Class 1 - Trustee Fees: All allowed claims as allowed pursuant to 11 U.S.C. Section 503.

Class 2- Administrative Claims: First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28. All allowed administrative Claims, as that term is defined herein and in 11 U.S.C. 507 (a)(1), including fees for services rendered and expenses incurred by Court-appointed counsel for the Debtor, Committee Attorneys, or other Professionals employed by the Committee or the Debtor, and any expenses provided for under 28 U.S.C. Section 1930.

a.       Antonio Villeda, The Law Office of Antonio Villeda. Professional employed by Debtor for services rendered and expenses incurred.

b.       Property Taxes for 2012 on real properties set out in Schedule A filed December 10, 2011.

c.       There are no other administrative claims.

Classes 3-6 - The Allowed Secured Claim of each creditor, person or entity, whether or not the holder of a secured claim that is secured by a tax lien and/or security interest in the property of the Debtor which arises from a secured claim as allowed by 11 U.S.C. Section 506(a) of the Code which is An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan

Page **7** of 14

*Chapter 11 Plan*

affecting such creditor's interest. The secured claims in this class are:  BBVA Compass Bank (Class 3-5), Hidalgo County, South Texas College, South Texas ISD, City of Weslaco, and Weslaco Independent School District (Class 6).

Class 7 - As heretofore provided, all other claims against the Debtor, however arising not otherwise, included in any other class described herein, including the under secured portion of any allowed secured claim that is allowed by this Chapter 11 Plan, allowed unsecured claims, claims based upon the rejection or modification of executory contracts or unexpired leases insofar as the same are allowed under the terms and provisions of this Chapter 11 Plan, and any other Claim of any other creditor not otherwise defined or provided specifically by the other Classes of Claims, and/or by the other provisions of this Plan.  These claims are:
a.        There are no unsecured claims.

It is further stated that all unsecured creditors whose claims are disputed or unliquidated will not be paid.

Class 8:  This Class consists of equity interest holders in Debtor. Their interest will be retained.

## C.  Treatment of Claims

**Class 1:**  Trustee's Fees.  These shall be paid on the effective date of the plan.

**Class 2:**  Expenses of administration as provided under the Bankruptcy Code.  These will be paid upon the effective date of the Plan.  Specifically, payment to Antonio Villeda, Law Office of Antonio Villeda will be paid pursuant to fee applications to be filed in this case. All ad valorem taxes set out in the proofs of claims filed. The proofs of claims are listed as claims numbers 3, 5, 6, and 9.

**Class 3**: BBVA Compass Bank's secured (Proof of Claim No. 12). As of July 27, 2012 the amount owed by the Debtor to Compass on this Note is approximately $289,723.00, which will be consolidated with the Class 4 Note into a single Note.  The sum of these, being $427,270.41, will be refinanced at a 6% interest rate and amortized for 30 years with a maturity date 5 years after the effective date of the Plan.

Debtor will continue to make insurance payments relating to the Properties directly to the applicable insurer, or insurance agent, provided, however, that the Debtor fully and timely makes all the required monthly payments for the insurance required by the applicable Loan Documents relating to the Properties and provides proof of payment of the same to Compass.

**Class 4**: BBVA Compass Bank's secured (Proof of Claim No. 10). As of July 27, 2012 the amount owed by the Debtor to Compass on this Note is approximately $137,547.41, which will be consolidated with the Class 4 Note into a single Note.  The sum of these, being $427,270.41, will be refinanced at a 6% interest rate and amortized for 30 years with a maturity date 5 years after the

*Chapter 11 Plan*

effective date of the Plan.

      Debtor will continue to make insurance payments relating to the Properties directly to the applicable insurer, or insurance agent, provided, however, that the Debtor fully and timely makes all the required monthly payments for the insurance required by the applicable Loan Documents relating to the Properties and provides proof of payment of the same to Compass.

**Class 5**: BBVA Compass Bank's secured (Proof of Claim No. 11). As of July 31, 2012 the amount owed by the Debtor to Compass on this Note is approximately $155,268.81**.** The property value of these lots is approximately $234,000.00.

Lots 9, 10, 11, 12 will be surrendered to Compass bank in satisfaction of the balance owed on this Note.

**Class 6:** Taxing bodies Hidalgo County, South Texas College, South Texas ISD, City of Weslaco, and Weslaco Independent School District filed claims for prior year 2011. Notwithstanding anything to the contrary contained within the Plan or approved Disclosure Statement, the Secured Tax Claims owing to, City of Weslaco, Hidalgo County, South Texas College, South Texas ISD and Weslaco Independent School District (referred to collectively herein as "Taxing Jurisdictions") shall be paid by the Debtor, pursuant to the provisions of 11 USC §1129 (a) (9) (C), in equal monthly installments, commencing  thirty days from the Plan's Confirmation Date and ending sixty (60) months from the petition date. The Claims shall bear interest at the statutory rate of 12% per annum from the date of filing of this case until said taxes are paid in full.

      Taxing Jurisdictions shall retain all liens until such taxes are paid in full.

      Default shall occur if one monthly installment due to Taxing Jurisdictions under the confirmed Plan is not paid by Debtor or if post-confirmation taxes are not paid timely pursuant to state law.  In the event of default the Taxing Jurisdictions shall send written notice of default to Debtor's attorney and Debtor.  If the default is not cured within twenty (20) days after notice of the default is mailed, the Taxing Jurisdictions may proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.  The Debtor has the opportunity to cure two (2) times over the life of the Plan.  In the event of a third default, the Taxing Jurisdictions may proceed with the state law remedies for collection of all amounts due under state law pursuant to the Texas Property Tax Code.

      Notwithstanding any injunctions in the Plan or the Disclosure Statement to the contrary, the Reorganized Debtor shall timely pay to the Taxing Jurisdictions all post-petition taxes on all property retained by Debtor and the Taxing Jurisdictions may pursue any and all collection remedies as allowed by law with respect to said post-petition taxes and shall not be required to seek any relief from this Bankruptcy Court in the event Debtor or the Reorganized Debtor shall fail to timely pay said taxes.

**Class 7**:  The holders of these claims are:  There are no unsecured claims. The bar date to file proof of **claims is:  April 23, 2012.**  Payment to these creditors will be made 30 (thirty) days after the effective date of the confirmation of this plan on a pro-rata basis and the remaining monthly monies

after payment of the payments scheduled for 3a and 3b, above. This amount is not specific because the monthly receipts on a monthly basis may vary.

**Class 8:**  This Class consists of equity interest holders in Debtor. These interest holders will have their interest fully respected and reinstated. The equity holders in this case are JCPP Management LLC, Julio C. Perales, and San Juanita Villarreal Perales.

### III. PROVISIONS FOR REJECTION OF EXECUTORY CONTRACTS

Debtor hereby reserves the right to accept or reject any and all executory contracts not previously assumed or rejected under § 365 of the Code prior to the Confirmation Date.  At this time there are none, since all the leases listed in schedule G and its amended are affirmed.

### IV. OTHER PROVISIONS

1. All United States Trustee Quarterly Fees due and owing on the date of confirmation shall be paid in full on the effective date of the Plan.
2. DEBTOR shall be responsible for timely payments of fees incurred post confirmation until the case is closed.
3. DEBTOR shall file the monthly operating reports in the same format as pre-confirmation; with service on the United States Trustee for each month (or portion thereof) the case remains open.

### V. MEANS OF IMPLEMENTING PLAN

Pursuant to the income and expense projection found in the Disclosure Statement, the Debtor will fund the plan from income generated or cash on hand as therein described.

### VI.  JURISDICTION OF THE COURT

The Court will retain jurisdiction until this Plan is fully consummated including, but not limited to, the following purposes:

1. The classification of the claim of any creditor and the reexamination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to creditor's claims for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to objection to, or re-examine the claim in whole or in part.
2. Determination of parties' claims as secured, unsecured, including valuation hearings under § 506 of the Bankruptcy Code or for purposes of being time barred.
3. Determination of all questions and disputes regarding title to the assets of the estate, and

*Chapter 11 Plan*

determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between the debtors and any other party, including, but not limited to, any right of the Debtors to recover assets pursuant to the provision of Title 11 of the United States Code or the determination of tax liabilities under § 505 of the Bankruptcy Code.

4.  The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the order of confirmation as may be necessary to carry out the purpose and intent of this Plan.

5.  The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

6.  To enforce and interpret the terms and conditions of this Plan.

7.  Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights, and powers as the court may deem proper.

## VII. EFFECT OF CONFIRMATION

Classes Entitled to Vote: Each impaired class of Claims or Equity Interests shall be entitled to vote separately to accept or reject the Plan. Any unimpaired class of Claims or Equity Interests shall not be entitled to vote to accept or reject the Plan.

Class Acceptance Requirement: A Class of Claims shall have accepted the Plan if it accepted by at least two thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims of such class that have voted on the Plan. A class of Equity Interests shall have accepted the Plan if it is accepted by at least two-thirds (2/3) in amount of the Allowed Equity Interests of such class that have voted on the Plan.

Acceptance of the Plan and Binding Effect of Impaired Designation: Creditors holding Claims included in the Classes of Claims under the Plan (except for Classes that are unimpaired) shall be requested to accept or reject the Plan. If any Class of Creditors fails to accept the Plan by the requisite majorities in number and amount  required under 11 U.S.C. §1126, the provisions of 11 U.S.C. §1129(b) will be invoked at the Confirmation Hearing in order to secure Confirmation of the Plan.  The scheduling of a Claim or Class of Claims as impaired shall not bind the Debtor so as to require voting by such Class in the event that the Bankruptcy Court shall determine that such Claim is, in fact, not impaired.

Cramdown: in the event that any impaired class of Claims or Equity Interests shall fail to accept the Plan in accordance with 11 U.S.C. 1129(a) the Debtor reserves the right to request that the Bankruptcy Court confirm the Plan, and any of the separate plans contained herein, in accordance with 11U.S.C. §1129(b).

Effect of Confirmation: Upon and after the date of the Order Confirming the Plan, the provisions of

*Chapter 11 Plan*

the Plan shall (i) bind the Debtor and all creditors whether or not any Creditor is impaired under the Plan, or has accepted the Plan, or holds an Allowed Claim, or has otherwise participated in this Chapter 11 case or had actual notice of this Chapter 11 case and (ii) discharge all debts and Claims of the Debtor pursuant to 11 U.S.C. §1141 and the provisions of this Plan; and (iii) to the extent permitted by the law, find all creditors to the terms hereof as a contract; and (iv) constitute res judicata with respect to any and all impairment of any claim treated or provided for or with respect to, the terms and provisions of this Plan.  This Plan shall be, upon confirmation, a contract by and among the Debtor and the creditors, enforceable in Court of Law or equity having jurisdiction over the parties, as provided herein.

## VIII.  MODIFICATION OF PLAN

Prior to confirmation: The Debtor may propose amendments or modification of this Plan at any time prior to the entry of the Order Confirming Plan, with leave of the Court and upon notice to parties in interest as deemed necessary by the Court.

After Confirmation: After the date of the entry of the Order Confirming the Plan, Debtor may, with the approval of the Court and so long as it does not materially or adversely affect the interest of Creditors, remedy any defects or omissions or reconcile any inconsistencies in the Plan or in this Order Confirming the Plan in such a manner as may be necessary to carry out the purpose and effect o the Plan. After the date of the entry of the Order Confirming the Plan, the Debtor may modify the Plan at any time after Confirmation and before the Effective Date, and except as provided in this article, may not modify the Plan so that, as modified, it fails to meet the requirements of Chapter 11 of the U.S. Bankruptcy Code. The plan as modified becomes the Plan only if circumstances warrant the modification and the Court, after notice and a hearing, confirms the Plan as modified under 11 U.S.C. §1129.

Determination of Non-Enforceability of any Material Provision of this Plan: Except to the extent that any provisions of this plan is declared unenforceable by Final Order with impairs, in any respect, the Discharge granted in this Plan, no provision of this Plan found by Final Order to be unenforceable shall impair the enforcement of any provision of this Plan or the Discharge herein provided. Notwithstanding any provision herein to the contrary, to the extent that any Final Order provides that any provision if this Plan shall impair the Discharge granted herein, then at the sole written and timely election of the Debtor, and only in such event, the Confirmation of this Plan shall be deemed revoked, and the Debtor shall have the right to propose and amend or modify the Plan curing such unenforceable provision shall be filed within sixty (6) days of entry of such Final Order.

## IX. RELEASES AND ALTERATIONS OF THE RIGHTS OF AND WITH RESPECT TO THIRD PARTIES

Release of Liens, Claims and Causes of Action:  All creditors of the Debtor receiving payment or distributions pursuant to the Plan in consideration for the promises and obligations of the Debtor under the Plan shall be deemed to have waived, released, and discharged all rights or claims

*Chapter 11 Plan*

which they had or might have had against the Debtor.

Allowed Secured Claims: The lien securing any Allowed Secured Claim shall be deemed to be released and discharged in its entirety when the Allowed secured Claim secured by such lien has been paid in full in accordance with the provisions of this Plan, and as may be limited by the provisions of this Plan.  Upon such payment in full, the holder of such Allowed Secured Claims shall execute and deliver such instruments as may be reasonably requested by the Debtor or the Re-vested Debtor, in order to reflect such release and discharge on the appropriate land or public filing records.

Release of Judgment Liens: the Order confirming the Plan shall constitute a release and discharge of all judgment liens against any property, creditor asset, or asset of the Debtor or the Bankruptcy Estate.  A certified copy of the confirmation Order, shall constitute a release of any such judgment lien, or, at its sole discretion, the Debtor may demand and obtain from any judgment lien holder, at the cost of expense of the Debtor, a release of such judgment lien in recordable form. If after a reasonable request is made, any creditor who refuses or fails to execute said release, all costs (attorney's fees, filing fees, etc.) to enforce this process shall be born by the creditor who refused.

Guarantees; Indemnities; Notes; Bonds; Etc.: All Claims and causes of action based upon guarantees of collection, payment or performance, indemnity or performance bonds, promissory notes, or other similar undertakings made or given by the Debtor as to the obligations or performance of another or of any other person shall be discharged, released and no further force and effect, except as otherwise provided in this Plan.

Release Upon Payment and Discharge:  All consideration and payments provided under this Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims, Debts and liabilities of any nature whatsoever against the Debtor or any of their assets or properties effective on the Effective Date.  Except as may be otherwise provided herein, at the Confirmation Date all Claims against the Debtor shall be satisfied, Discharged, and released in full; and all claimants, holders of Claims and all Creditors shall be precluded from asserting again the Debtor, its assets, properties, or interests held by it, any Claim or future Claim based upon any transaction arising on or prior to the Confirmation Date.

Releases: All creditors of the Debtor receiving payment or distributions pursuant to the Plan, in consideration for the premises and obligations of the Debtor under the Plan, shall be deemed to have waived, released, and Discharged all rights or Claims which they had or might have had against the Debtor, except those expressly set out herein, unless otherwise ordered by this Court in the Confirmation Order.

Exculpations: The fullest permissible under all applicable law, the Debtor and Reorganized Debtor and its current officers, directors, members, managers, agents, representatives for same shall neither have nor incur any liability to any entity including, specifically any holder of a

*Chapter 11 Plan*

Claim or Interest for any act taken or admitted to be taken in connection with or related to the prosecution of this Chapter 11 Case, the formulation, preparation, dissemination, implementation, Confirmation, Confirmation or consummation of any Plan, any Disclosure Statement, the Confirmation Order, or any contract, instrument, release or other agreement or document created or entered into, or any other act taken or omitted to be taken in connection with the Chapter 11 Case, any settlement agreement, purchase offer (whether accepted or rejected), any Plan, any Disclosure Statement, or the Confirmation Order, including Solicitation or acceptance of any Plan. No portion of such exculpation shall apply to any officer, director, or employee of the Debtor or their representatives that held any such position prior to the filing date of April 4, 2011.

## X.  **NOTICES**

Any notice required to be given hereunder shall be given regular mail as follows:
**To Debtor:**
JCP PROPERTIES, LTD.

With a Copy to **Debtor's Counsel:**   Antonio Villeda
LAW OFFICE OF ANTONIO VILLEDA
5414 N. 10th Street
McAllen, Texas 78504
Telephone No. 956-631-9100
Facsimile 956-631-9146
Email: avilleda@mybusinesslawyer.com

## XI. EXECUTION AND SIGNATURES

This Plan is proposed by Debtor as Debtor in Possession in this Reorganization Case for Confirmation by the Court pursuant to 11 U.S.C §1121 and to the extent required to accomplish Confirmation, the Debtor as Debtor in Possession and proponent of this Plan moves by filing and prosecution of the Confirmation of this Plan, to invoke the provisions of 11 U.S.C. §1129(b). This Plan is filed in good faith, in compliance with the Bankruptcy Code, and executed on August 1, 2012.

Respectfully submitted,

  /s/ Antonio Villeda              .
Antonio Villeda
LAW OFFICE OF ANTONIO VILLEDA
5414 N. 10th Street
McAllen, Texas 78504
Telephone No. 956-631-9100
Facsimile 956-631-9146
Email: avilleda@mybusinesslawyer.com

*Chapter 11 Plan*