

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
10/24/2012

| IN RE: | § | 70827 |
|---|---|---|
|  | § |  |
| JCP PROPERTIES, LTD. | § | CASE NO. 11-~~70827~~-M-11 |
|  | § |  |
| Debtor | § | CHAPTER 11 |

### ORDER CONFIRMING PLAN OF REORGANIZATION

On , August 1, 2012, Debtor JCP PROPERTIES, LTD. (hereinafter the "Debtor"), as debtor-in-possession, filed its Chapter 11 Plan of Reorganization (Doc. 45). Also on August 1, 2012, the Debtor filed its Disclosure Statement (Doc. 44). The Court set a confirmation hearing on October 24, 2012 at 9:00 a.m. pursuant to the signed Order Approving Disclosure Statement of Debtor dated September 19, 2012 (Doc. 52). An Objection to the Plan was filed on October 22, 2012 (Doc. 60) by Class 3 creditor Compass Bank. The Debtor and its counsel appeared at the confirmation hearing, at which the Court heard testimony and arguments of counsel and considered the evidence. After considering the foregoing, the ballots, the evidence and testimony, and the arguments of counsel:

**THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:**

### I.     Background

1. The above captioned Chapter 11 bankruptcy case was filed on December 5, 2011 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. Sec. 101 et sq. (the "Bankruptcy Code").

2. This Court has jurisdiction over the subject matter of the Debtor's Chapter 11 case pursuant to 28 U.S.C. Sec. 1334. The hearing on the confirmation of the Plan and the transactions and matters set forth therein is a core proceeding pursuant to 28 U.S.C. Sec. 157(b). The statutory predicates for confirmation of the Plan, and approval of the transactions and matters set forth therein, are 11 U.S.C. Sec. 1121-1142.

3. The Plan contemplates a reorganization of the Debtor with revenue derived from rental operations to be utilized to fund payments under the Plan.

4. The Disclosure Statement referring to the Plan was signed September 19, 2012 (Doc. 52).

5. On September 21, 2012, the Debtor served (i) the Plan, (ii) the Disclosure Statement, (iii)

the Order Approving Disclosure Statement, Setting Deadlines for Voting, and Objections and Setting Confirmation Hearing, and (iv) Ballot with which to vote on the Chapter 11 Plan .

6. The Court finds that notice of the matters described in paragraphs five (5) and six (6) to the creditors and parties in interest of the Debtor was adequate and appropriate and that an objection to the confirmation of the Plan was filed by Class 3 creditor Compass Bank.

7. The Plan separates Claims into 7 classes and Interests into one class. The treatment of each class varies as set forth in the Plan.

## II. Votes, Objections, and Resolutions

8. Class 1.

    Claims consist of trustee fee claims allowed pursuant to 11 U.S.C. Sec. 503. The Plan provides that the Class 1 Claims shall be paid by the Reorganized Debtor in full.

9. Class 2.

    Claims consist of administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28. All allowed administrative Claims, as that term is defined herein and in 11 U.S.C. 507(a)(1), including fees for services rendered and expenses incurred by Court-appointed counsel for the Debtor, Committee Attorneys, or other Professionals employed by the Committee or the Debtor, and any expenses provided for under 28 U.S.C. Section 1930. The Plan provides that the Class 2 Claims shall be paid by the Reorganized Debtor in full.

10. Class 2 consisting of secured tax claims of City of Weslaco, Weslaco ISD, South Texas College, South Texas ISD, Hidalgo County, and Hidalgo County Drainage District #1 ("taxing entities") on the 2012 ad valorem taxes shall be paid in the ordinary course of business and the taxing entities shall not be required to file a request for allowance and payment of its' claims.  To the extent any taxes due to the taxing entities for the 2012 tax year are not timely paid as required by state law, the taxing entities shall be free to pursue its state court remedies to collect said taxes without further notice or order of the Bankruptcy Court. The statutory liens now securing said claims shall be retained until said taxes are paid in full.

11. The Class 3 secured claim of BBVA Compass Bank (referred to as "Compass"). As of the Proof of Claim date of April 17, 2012 Compass' secured claim amount was $289,723.38. Compass has also has incurred an additional $22,368.16 of post petition arrears.

The Plan provides that the Class 3 Compass claim will paid by the Debtor in accordance with the following terms:

    a.    Debtor will pay $30,756.22 (or a lesser amount to be agreed to by Debtor and Compass) of post petition arrears via cashier's check no later than Friday, October 26, 2012;

    b.    The remaining balance will be refinanced at a 6.5% interest rate and amortized for 30 years with a maturity date five (5) years after the Effective Date of the Plan.

    c.    This Claim is impaired. All other terms of the underlying note and deed of trust and modifications, if any, not specifically modified herein shall remain and be respected.

12. The Class 4 secured claim of BBVA Compass Bank (transferred as per "Compass" to Quantum Services, Inc.; hereinafter "Quantum"). As of the Proof of Claim date of April 17, 2012, this secured claim amount was $137,547.41.

The Plan provides that this Class 4 claim will be paid by the Debtor in accordance with the following terms:

    a.    Debtor will refinance this note at a 6% interest rate, amortized for 30 years with a maturity date 5 years after the Effective Date of the Plan.

    d.    This claim is impaired. All other terms of the underlying note and deed of trust and modifications, if any, not specifically modified herein shall remain and be respected.

13. The Class 5 secured claim of BBVA Compass Bank (transferred as per "Compass" to Quantum Services, Inc.; hereinafter "Quantum"). As of the Proof of Claim date of April 17, 2012, this secured claim amount was $289,723.38.

The Plan provides that this Class 5 claim will be paid by the Debtor in accordance with the following terms:

    a.    Lots 9, 10, 11, 12 will be surrendered to Compass bank in satisfaction of the balance owed on this Note.

    b.    This claim is impaired. Debtor and any guarantors, if any, are hereby released from this debt.

14. The Class 6 Taxing Bodies Secured Tax Claims for the prior year 2011 have been paid in full by the Debtor. These claims are not impaired.

15. The Class 7 Unsecured Claims . There are no unsecured claims.

16. The Class 8 claims consisting of the Allowed Interest of Equity Holders. The Plan provides that Holders of Class 5 Equity Interests shall retain their Equity Interests held on the date of the filing of the Bankruptcy.

17. The Court finds that the Debtor has complied with all applicable provisions of the 11 U.S.C. Section 1129(a).

18. The Court finds that the Debtor has satisfied the applicable provisions of 11 U.S.C. Sec. 1129(b).

### III.   Order

It is therefore **ORDERED** that:

19. The above findings are incorporated herein and made the order of the Court.

20. The terms of the Plan are appropriate and approved, as provided for herein.

21. The time limits provided for in the Plan are appropriate and approved.

22. The Plan (Doc. No. 45) is confirmed, except as otherwise modified by this Order.

23. Pursuant to Other Provisions of the Plan, any holder of an Administrative Claim against the Debtors, except the U.S. Trustee with respect to quarterly fees and for expenses incurred in the ordinary course of operating Debtor's business, shall file proof of such Claim or application for payment of such Administrative Claim on or within sixty (60) days after entry of this Order, with actual service upon counsel for the Debtor or such Holder's Administrative Claim will be forever barred and extinguished and such Holder shall, with respect to any such Administrative Claim be entitled to no distribution and no further notices. All pre-confirmation U.S. Trustee fees due as of the Effective Date shall be paid when due within thirty (30) days after the Effective Date.  The Reorganized Debtor shall timely pay post-confirmation fees owed to the United States Trustee and assessed pursuant to 28 U.S.C. Sec. 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this Chapter 11 case.  After confirmation, the Reorganized Debtor shall file with the Bankruptcy Court and shall transmit to the United States Trustee a true and correct statement of all

disbursements made by the Reorganized Debtor for each quarter, or portion thereof, that this Chapter 11 case remains open in a format prescribed by the United States Trustee.

24. Except as provided otherwise in the Plan, and subject only to the occurrence of the Effective Date of the Plan, the Debtor be and is hereby discharged from all debts that arose before the date of the entry of this Order, including, without limitation,, any debts based on the Debtor's guarantees of collection, payment or performance of any obligation of the Debtor, any debt of a kind specified in Sec. 502(g), 502(h), or 502(i) of the Code, other than (A) Administrative Expenses (as such term is defined in the Plan) representing liabilities incurred in the ordinary course of business by the Debtor, and (B) Administrative Expenses representing allowances of compensation or reimbursement of expenses allowed pursuant to Sec. 330 and 503(b)(3) of the Code, whether or not (i) Proof of Claim based on such debt is filed or deemed filed under Sec. 502 of the Code; (ii) such claim is allowed under Sec. 502 of the Code; or (iii) the holder of such claim has accepted the Plan.

25. Subject only to the occurrence of the Effective Date of the Plan, any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the Debtor with respect to any debt discharged hereunder is hereby rendered null and void.

26. Except as otherwise provided in the Plan and this Order, and subject only to the occurrence of the Effective Date of the Plan, all property of the Debtor's estate and all other property dealt with by the Plan owned by the Debtor be and hereby is vested in the Reorganized Debtor free and clear of all claims and interest of creditors of the Debtor, even if a claim was filed but not addressed in the Plan or this Order.

27. The Debtor and the Reorganized Debtor are hereby authorized and empowered pursuant to Section 1142(b) of the Bankruptcy Code to issue, execute, deliver, file or record any documents, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan, and the matters contemplated by this Order Confirming Plan, in accordance with their respective terms, whether or not specifically referred to in the Plan or any exhibit thereto and without further application to or order of this Court. To the extent the Plan, as modified, provides for a creditor to release a Lien, Claim, Encumbrance or Interest, such creditor shall execute a release of any such Lien, Claim, Encumbrance or Interest at the request of the Reorganized Debtor.

28. Pursuant to 11 U.S.C. Sec 11419(a), the provisions of the Plan are binding on all

parties, including, but not limited to, creditors and equity security holders of the Debtor whether or not any such creditors or equity holders have accepted the Plan.

29. The failure to specifically to include any particular provisions of the Plan in this Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the Plan be authorized and approved in its entirety.

30. So long as such amendments or modifications do not materially affect the interests of creditors or the interest holders, the Proponent of the Plan may propose amendments or modifications to the Plan after the entry of this order, subject to, upon notice and hearing, the approval of this Court, in order to remedy any defect or omission, or reconcile any inconsistencies in the Plan or in this Order, as may be necessary to carry out the purpose and intent of the Plan.

31. After the entry of this order, pleadings shall only be served upon the United States Trustee, and any party directly affected by the pleading and its counsel, if known (i.e., claims objections need only be served upon the person who filed the claim that is subject to the objection, its counsel, if known, and the United States Trustee).

32. To the extent that objections to the Plan are not specifically sustained herein, they are overruled and denied.

33. The reversal or modification of this Order on appeal will not affect the acts taken pursuant to the Plan, or any other agreement, document, instrument, or action authorized by this Order or under the Plan as to the Debtor or any other person acting in good faith, whether or not such person knows of the appeal, unless this Order is stayed pending appeal.

34. This Court retains jurisdiction (i) to enforce and implement the terms and provisions of the Plan and this Order, all amendments thereto, any waivers and consents herein provided, and any agreements executed in connection herewith, (ii) to resolve any disputes arising under or related to this Order or the Plan, and (iii) to interpret, implement and enforce the provisions of this Order.

DATED: October 24, 2012

RICHARD S. SCHMIDT
United States Bankruptcy Judge