IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 11-70827-M-11 |
| | § | |
| JCP Properties, Ltd. | § | |
| Debtors | § | CHAPTER 11 |

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

**EXPEDITED MOTION TO REOPEN BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §350(b) AND REQUEST FOR TELEPHONIC HEARING ON _____2015 IN CORPUS CHRISTI, TEXAS**

---

TO THE HONORABLE JUDGE OF SAID BANKRUPTCY COURT:

COMES NOW Debtor JCP PROPERTIES, LTD, ("Debtor"), in the above entitled and numbered closed bankruptcy proceeding, and file this Motion to Reopen the Bankruptcy Proceeding ("Motion") pursuant to 11 U.S.C. §350(b) and in support thereof would respectfully show the Bankruptcy Court the following:

<u>JURISDICTION</u>

1. Under 28 U.S.C. § 1334(a), district courts have "original and exclusive jurisdiction of all cases under Title 11," but they may refer such cases to the bankruptcy judges for their districts

under 28 U.S.C. § 157(a). The District Court for the Southern District of Texas has made such a reference through its internal operating procedures.

2.  Pursuant to this reference, the bankruptcy court has jurisdiction under 28 U.S.C. § 157(b)(1) to "hear and determine all cases under title 11." Accordingly, this court has jurisdiction to determine whether the present case should be reopened. *See Virginia v. Collins (In re Collins),* 173 F.3d 924, 928 (4th Cir.1999) ("[T]he bankruptcy court's power to reopen flows from its jurisdiction over debtors and their estates.").

3.  A Court having authority to issue a Bankruptcy Confirmation Order, possesses the "most basic and intrinsic authority . . . of any court" to enforce that order. *CD Liquidation Co. v. Paladini (In re CD Liquidation Co.)*, 462 B.R. 124, 136 (Bankr. D. Del. 2011). It is well established that bankruptcy courts retain jurisdiction to interpret or enforce their own orders even after a case is closed. *See Beneficial Trust Deeds v. Franklin (In re Franklin),* 802 F.2d 324, 326 (9th Cir.1986); *Koehler v. Grant,* 213 B.R. 567 (8th Cir. BAP 1997).

## FACTS

4.  On or about December 5, 2011 Debtor filed its Voluntary Petition for relief under Chapter 11 of the United States Code in the above entitled and numbered bankruptcy case ("Bankruptcy"). Debtor remained at all times as Debtor-In-Possession.

5.  Debtor filed its Plan of Reorganization (Doc. #45) ("Plan") on August 1, 2012, which was confirmed.

6.  On October 24, 2012, this Court entered an Order Confirming Debtor's Chapter 11 Plan of Reorganization (Doc. #64) ("Confirmation Order"), with attached Debtor's Chapter 11 Plan of Reorganization ("Plan") and Order Approving Disclosure Statement. Exhibit A.

7.  On November 29, 2012, a Final Decree was entered, closing the

Bankruptcy case, ("Final Decree").  Exhibit B; Docket No. 76.

8. The Confirmation Order in relevant part states in page 3, paragraph 13 as follows:

"The Plan provides that this Class 5 claim will be paid by Debtor in accordance with the following terms:

　　a. Lots 9, 10, 11, 12 will be surrendered to Compass Bank in satisfaction of the balance owed on the Note.

　　b. This claim is impaired. Debtor and any guarantors, if any, are hereby released from this debt."

Exhibit A, ¶ 13.

9. Breaching the terms of the Confirmation Order which it is bound to follow, RREF never provided release documents to Guarantor and Debtor.

10. Consequently, due to RREF not releasing either Guarantor or Debtor, Debtor did not make payments, under the terms of the confirmation order regarding RREF's Class 4 claim, (a second lien) on the following property:

> "All of lots 3, 4, 7, and 8, Bonita Homes Subdivision, An addition to the City of Weslaco 78596, Hidalgo County, Texas, according to the map recorded in Volume 45, page 153 Map Records in the Office of the County Clerk of Hidalgo County, Texas.

11. Over 2 years after confirmation of Debtor's Plan of Reorganization, Creditor RREF CB SBL II-TX, LLC, as successor in interest to Compass Bank, ("RREF"), filed a lawsuit against guarantor Julio C. Perales over alleged debt related to Lots 9, 10, 11, and 12.  See Exhibit C.

12. Additionally, ignoring the material term of the Confirmation Order of not releasing Debtor and Guarantor from debts to Lots 9, 10, 11, and 12, RREF has filed notices of foreclosure on the following properties:

> "All of lots 3, 4, 7, and 8, Bonita Homes Subdivision, An addition to the City of

**Weslaco 78596, Hidalgo County, Texas, according to the map recorded in Volume 45, page 153 Map Records in the Office of the County Clerk of Hidalgo County, Texas.**

And

**"All of lots 9, 10, 11, and 12, Bonita Homes Subdivision, An addition to the City of Weslaco 78596, Hidalgo County, Texas, according to the map recorded in Volume 45, page 153 Map Records in the Office of the County Clerk of Hidalgo County, Texas.**

See Exhibit D.

13. RREF only has a second lien on lots 3 and 4.

14. Debtor seeks to reopen its case so that it can enforce the terms of the bankruptcy court's confirmation order and seek other appropriate relief.

## AUTHORITY OF BANKRUPTCY COURT

15. Section 350(b) provides that a closed case "may" be reopened for specified purposes: "to administer assets, to accord relief to the debtor, or for other cause." The permissive language of this provision accords wide discretion to the court considering a motion to reopen. *In re Bianucci,* 4 F.3d 526, 528 (7th Cir.1993) ("[T]he decision whether to reopen a case is within the broad discretion of the bankruptcy court."); *In re Rosinski,* 759 F.2d 539, 540-41 (6th Cir.1985) ("[D]ecisions as to whether to reopen bankruptcy cases ... are committed to the sound discretion of the bankruptcy judge.").

## RELIEF SOUGHT BY DEBTOR

16. A confirmation order is a final order. *In re Davis Petroleum Corp.*, 2009 WL 3448186 at *3 (Bankr. S.D. Tex. Oct. 21, 2009); *In re Jones*, 352 B.R. 813, 819 (Bankr. S.D. Tex. 2006) ("[C]onfirmation orders concerning chapter 11 plans are clearly final orders.").

17. A post-confirmation order that merely enforces the terms of a Court's prior Confirmation Order is constitutional. *In re Waco Town Square Partners, L.P.,* at *6 (Bankr. S.D. Tex., 2015). Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's statutory power under § 105(a) is not unlimited. *See In re Amco Ins.*, 444 F.3d 690, 695 (5th Cir. 2006). However, it is unquestionable courts possess the inherent authority to enforce their own orders. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (holding that in order for a court to function successfully it must be able to manage its proceedings, vindicate its authority, and effectuate its decrees). Even *Stern* does not limit this Court's authority to issue an order enforcing a valid prior order. *In re Skyport Global Commc'ns, Inc*, 2013 WL 4046397 at *40 (Bankr. S.D. Tex. Aug. 7, 2013); *In re River Entm't Co.*, 467 B.R. 808, 817 (Bankr. W.D. Penn. 2012) (holding that *Stern* did not prevent the bankruptcy court from enforcing the terms of a consent order which fell within the public rights exception); *CD Liquidation Co. v. Paladini (In re CD Liquidation Co.)*, 462 B.R. 124, 136 (Bankr. D. Del. 2011) (holding that the bankruptcy court could enforce a confirmation order issued under proper authority). If a Court has authority to issue a Confirmation Order, then it possesses the "most basic and intrinsic authority . . . of any court" to enforce that order. *CD Liquidation*, 462 B.R. at 136.

18.     Applying a balancing of the equities tips the scales in the Debtor's favor. The Creditor RREF's proceedings, if allowed to continue, would a) prevent Debtor from performing under the Chapter 11 reorganization plan; b) provide Creditor RREF a windfall in that it would receive all of Debtors interest in real estate in which there is an equity of over $200,000; c) would unjustly enrich Creditor RREF; and d) would create a <u>loss</u> to the value to be borne by the Guarantor and Debtor. Such results would be inapposite to the goals of the plan confirmed.

19.     No other creditor or party in interest, other than Creditor RREF and Debtor will be affected by reopening this bankruptcy case.

20.     Therefore, Debtor moves this Court to reopen its bankruptcy so that Debtor can

seek enforcement of the terms in the Confirmation Order requiring Creditor RREF to release Debtor and Guarantor from the debts associated with Lots, 9, 10, 11, 12.

21. For the above reasons, among others, this Bankruptcy case should be reopened to permit the Debtor to seek relief from Creditor RREF's breach of the Confirmation Order, and for other cause.

22. Under 11 U.S.C. §350(b), the Court is granted explicit statutory authority to reopen a case to administer assets of the estate and to accord relief to the Debtor, and <u>no notice or hearing are required by the statute</u>.  *See* 11 U.S.C. §350(b).

23. Upon the granting of this Motion, Debtor will request that the Court enforce the Confirmation Order.

WHEREFORE, Premises Considered, Debtor requests that the court enter an order reopening this Bankruptcy in order to take any and all such actions as may be necessary to administer all remaining assets of the Bankruptcy estate, and for such other and further relief, both at law and in equity, to which Debtor may show itself justly entitled to receive.

May 14, 2015                                                                           Respectfully submitted,

/s/ Antonio Martinez, Jr.
Antonio Martinez, Jr.
State Bar No. 24007607
S.D. Tex. Admission No. 24176
317 W. Nolana, Ste. C
McAllen, Texas 78504
(956) 683-1090 (telephone)
(956) 683-8555 (fax)
E-mail: martinez.tony.jr@gmail.com
Attorney for JCP Properties, Ltd.

## CERTIFICATE OF SERVICE

I certify that I have served upon the following parties in interest the foregoing Motion to Reopen Bankruptcy Case via Electronic Notice (ECF), US Mail, fax if available, and Email if available.

/s/ Antonio Martinez, Jr.
Antonio Martinez, Jr.

United States Trustee
606 N. Carancahua, Ste. 1107
Corpus Christi, Texas 78701

And all parties on the attached matrix.

```
Label Matrix for local noticing         Compass Bank                              Compass Bank
0541-7                                   P.O. BOX 201347                          c/o Kerry L. Haliburton
Case 11-70827                            ARLINGTON, TX 76006-1347                 Naman, Howell, Smith & Lee, PLLC
Southern District of Texas                                                        P.O. Box 1470
McAllen                                                                           Waco, TX 76703-1470
Thu May 14 17:08:18 CDT 2015

Compass Bank (Real Estate/Other) Department   Hidalgo County                     JCP Properties, LTD
c/o Ascension Capital Group              c/o John T. Banks                        1020 JESSIE ST #9
P.O. Box 201347                          3301 Northland Drive, Ste. 505           Weslaco, TX 78596-2312
Arlington, Tx 76006-1347                 Austin, TX 78731-4954


7                                        City Of Weslaco                          Compass Bank
United States Bankruptcy Court           c/o Diane W. Sanders                     P.O. Box 10566
1133 North Shoreline Blvd #208           Linebarger Goggan Blair & Sampson, LLP   Birmingham, AL 35296-0001
Corpus Christi, TX 78401-2042            PO BOX 17428
                                         Austin, TX 78760-7428


Compass Bank                             Hidalgo County & Hidalgo Co. Drainage Dist.   South Texas College
f/k/a Texas State Bank                   c/o John T. Banks                        c/o Diane W. Sanders
3900 N 10th St                           Perdue, Brandon, Fielder, Collins & Mott  Linebarger Goggan Blair & Sampson, LLP
PO Box 4797                              3301 Northland Drive, Ste. 505           PO BOX 17428
McAllen, TX 78502-4797                   Austin, TX 78731-4954                    Austin, TX 78760-7428


South Texas ISD                          US Trustee                               Weslaco ISD
c/o Diane W. Sanders                     606 N Carancahua                         c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson, LLP   Corpus Christi, TX 78401-0680            Linebarger Goggan Blair & Sampson, LLP
PO BOX 17428                                                                      PO BOX 17428
Austin, TX 78760-7428                                                             Austin, TX 78760-7428


Antonio Villeda
Attorney at Law
6316 N 10th St, Bldg. B
McAllen, TX 78504-3680
```