IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| **JCP Properties, LTD** | § | |
| **1020 Jessie St. #9** | § | |
| **Weslaco, TX 78596** | § | |
| | § | |
| | § | **Case No. 11-70827** |
| **Debtor.** | § | |
| | § | |

## OBJECTION TO DEBTOR'S MOTION TO REOPEN THE BANKRUPTCY CASE

RREF CB SBL II-TX, LLC (together with its direct affiliates, subsidiaries, parents, successors, and assigns, "**RREF**"), as successor-in-interest to Compass Bank, and a secured lender in the above-captioned chapter 11 bankruptcy case (the "**Bankruptcy Case**"), hereby files this *Objection to Debtor's Motion to Reopen the Bankruptcy Case Pursuant to 11 U.S.C. §350(b)* (the "**Objection**") and would respectfully show this Court as follows:

### I.   EXECUTIVE SUMMARY

1.      The undersigned counsel requests to appear in person on any hearing to consider JCP Properties, LTD's (the "**Debtor**") *Motion to Reopen Bankruptcy Case Pursuant to 11 U.S.C. § 350(b)* (the "**Motion**") [Docket No. 79].

2.      In the Motion, the Debtor argues that reopening the Bankruptcy Case is necessary in order require RREF to release the Debtor and the Guarantor (defined below) from certain indebtedness owing RREF.

3.      RREF communicated to the Debtor – both orally and in writing – that RREF would release the Debtor and the Guarantor from the indebtedness at issue. RREF requested the

Debtor to withdraw its Motion, and explained that reopening the Bankruptcy Case would be an unnecessary, frivolous, and costly endeavor because (a) pursuant to the Confirmation Order (defined below), this Court has already required RREF to release the Debtor and Guarantor from the indebtedness; and (b) RREF had already agreed to provide the requested releases. Disregarding those communications, the Debtor continues to prosecute its Motion.

4.      There is no controversy between the Debtor and RREF for the Court to decide. For that reason, reopening the Bankruptcy Case not only is unnecessary, it is also unwarranted: a bankruptcy case cannot be reopened under 11 U.S.C. § 350(b) where the court cannot provide the debtor with any relief.

5.      As established, reopening the Bankruptcy Case affords the Debtor no viable relief, as the relief requested in the Motion has been satisfied. With that in mind, the Debtor's true motive for filing the Motion becomes apparent: the Debtor attempts to use the Bankruptcy Case as a shield against RREF's state law remedies to collect on other indebtedness owing to RREF under the Plan (defined below).

6.      Accordingly, RREF respectfully requests that the Court deny the Debtor's request to reopen the Bankruptcy Case.

## II. THE BANKRUPTCY CASE

7.      On December 5, 2011 (the "**Petition Date**"), the Debtor filed its voluntary petition under chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") [Docket No. 1] and commenced the Bankruptcy Case.

8.      On August 1, 2012, the Debtor filed its *Chapter 11 Plan of Reorganization* (the "**Plan**") [Docket No 45].

**OBJECTION TO DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE**          - Page 2

9.      On October 24, 2012, the Court entered its *Order Confirming Plan of Reorganization* (the "**Confirmation Order**") [Docket No. 64].

10.      On November 29, 2012, the Bankruptcy Case was closed. *See Final Decree Closing Case* [Docket No. 78].

## III. FACTUAL BACKGROUND

### A.  The Indebtedness

11.      Pursuant to the Plan and Confirmation Order, RREF holds two separate claims, each of which is treated separately under the Plan.

12.      The first debt ("**Debt 1**") is secured by a deed of trust to property situated in Hidalgo County, Texas described as:

> **All of Lots 3, 4, 7, and 8, BONITA HOMES SUBDIVISION, an Addition to the City of Weslaco, Hidalgo County Texas, according to the map recorded in Volume 45, page 153, Map Records in the Office of the County Clerk of Hidalgo County, Texas.**

*See* Motion, p. 3, ¶ 10.

13.      The Plan identifies Debt 1 as the "**Class 4 Secured Claim**." The Plan recites that the Class 4 Secured Claim would be paid by the Debtor in accordance with the following terms:

> a.   Debtor will refinance this note at a 6% interest rate, amortized for 30 years with a maturity date 5 years after the Effective Date of the Plan.
>
> b.   This claim is impaired. All other terms of the underlying note and deed of trust and modifications, if any, not specifically modified herein shall remain and be respected.

*See* Confirmation Order at p. 3, ¶ 12.

14.      The second debt ("**Debt 2**") is secured by property situated in Hidalgo County, Texas described as:

> **All of Lots 9, 10, 11, 12, BONITA HOMES SUBDIVISION, an Addition to the City of Weslaco, Hidalgo County, Texas, according to**

**OBJECTION TO DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE**      - Page 3

> the map recorded in Volume 45, Page 153, Map Records in the Office of the County Clerk of Hidalgo County, Texas, reference to which is here made for all purposes.

("**Lots 9-12**"). *See* Motion, pp. 3-4, ¶ 12.

15.     The Plan identifies Debt 2 as the "**Class 5 Secured Claim**." The Plan recites that the Class 5 Secured Claim would be paid by the Debtor in accordance with the following terms:

> Lots 9, 10, 11, 12 [described in the Deed of Trust] will be surrendered to Compass [B]ank in satisfaction of the balance owed on this Note. ... This claim is impaired. Debtor and any guarantors, if any are hereby released from this debt.

*See* Confirmation Order at p. 3-4, ¶ 13.

16.     As recited in the Plan, RREF is required to release the Debtor and the guarantor, Julio C. Perales (the "**Guarantor**"), from Debt 2.

**B.   The Debtor's Default Under the Plan**

17.     The Debtor defaulted on its obligations under the Plan with regard to the Class 4 Claim. The Debtor admits in the Motion that it failed to meet its obligations under the terms of the Confirmation Order: "Debtor did not make payments, under the terms of the confirmation order regarding RREF's Class 4 claim ... ." *See* Motion at p. 3, ¶ 10. On July 24, 2014, RREF initiated its state law remedies against the Debtor and the Guarantor by filing a petition in Hidalgo County District Court to recover the indebtedness reflected by Debt 1 (the "**First Amended Petition**"). A true and correct copy of the First Amended Petition is attached hereto as **Exhibit A**.

18.     As set forth in the First Amended Petition, RREF is not pursuing the Debtor or the Guarantor for any obligations arising from Debt 2. Rather, RREF only seeks relief arising from Debt 1, in accordance with and as preserved by the Confirmation Order.

19.     On April 7, 2015, RREF was the high bidder at a non-judicial foreclosure sale of Lots 9-12 conducted at the designated location of the courthouse in Hidalgo County, Texas, reflected in that certain *Substitute Trustee's Deed and Bill of Sale* (the "**Substitute Trustee's Deed**"), recorded at Document Number 2015-2600492 in the Official Records of Hidalgo County, Texas. A true and correct copy of the Substitute Trustee's Deed is attached hereto as **Exhibit B**.

20.     During the week of Monday, May 8, 2015, counsel for RREF conferred with counsel for the Debtor and agreed to release the Debtor and the Guarantor from any obligations arising from Debt 2. On May 18, 2015, RREF's counsel repeated that RREF would provide such a release.

21.     On May 19, 2015, after the Debtor filed the Motion, RREF's counsel communicated the following to Debtor's counsel:

> As we discussed last week and yesterday, we believe it is in the best interest of everyone to avoid litigating a motion to re-open the bankruptcy proceeding. My client will provide a release of the debt previously secured by lots 9-12. Please confirm you will withdraw your motion to re-open and send me a proposed release agreement.

(the "**May 19 Email Exchange**"). A true and correct copy of the May 19 Email Exchange is attached hereto as **Exhibit C**.

22.     In an email exchange between RREF's counsel and the Debtor's counsel dated May 27, 2015, RREF's counsel communicated:

> As we discussed last week and so there is no confusion going forward, we are opposed to your motion to re-open because there is simply no merited reason to re-open the bankruptcy. Our client has agreed to provide a release to the borrower and the guarantor for the debt previously secured by lots 9-12. Litigating a frivolous motion to reopen to obtain this release will result in unnecessary expenses.

(the "**May 27 Email Exchange**"). A true and correct copy of the May 27 Email Exchange is attached hereto as **Exhibit D**.

23.     The Debtor's purported reason for requesting this Court to reopen the Bankruptcy Case is to require RREF to release the Debtor and the Guarantor on Debt 2. As explained, RREF has already offered to do so.  RREF is awaiting a proposed form of release agreement as to Debt 2 from Debtor's counsel. *See* **Exhibit C**. There is no live controversy between the Debtor and RREF. As a result, there is no reason to reopen the Bankruptcy Case.

24.     RREF has complied with all terms of the Confirmation Order. There is no disagreement among the parties regarding any issue in this Bankruptcy Case. There is nothing for this Court to adjudicate.

## IV. ARGUMENT & AUTHORITIES

25.     The only relief the Debtor requests in the Motion is to secure RREF's release of the Debtor and the Guarantor from Debt 2. RREF has explained to the Debtor no less than four times that it agrees to release the Debtor and the Guarantor from Debt 2, and has requested that the Debtor provide release agreements for RREF's execution. RREF is not presently pursuing (nor does it ever intend to pursue) the Debtor or the Guarantor for any personal liability arising from Debt 2.  Accordingly, the Debtor's issue is resolved. Because there is no controversy between the Debtor and RREF, this Court should not reopen the Bankruptcy Case.

26.     The Bankruptcy Code provides that a court may reopen a closed bankruptcy case in order to administer assets, accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). The term "for other cause" gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown. *Matter of Case*, 937 F.2d 1014, 1018 (5th Cir. 1991). A bankruptcy court must consider the facts presented in each case and use its

discretion to determine whether cause exists to reopen a case. *In re Walker*, 323 B.R. 188, 194 (Bankr. S.D. Tex. 2005). The longer the time between the closing of the estate and the motion to reopen, the more compelling the reason for reopening the estate should be. *See Matter of Case*, 937 F.2d at 1018 (declining to reopen bankruptcy case where seven months had passed between time case was closed to time debtor filed motion to reopen). Importantly, a case will not be reopened "if doing so would be futile." *In re Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Tenn. 2005). One example of futility is where the court cannot provide the debtor with any relief. *See In re Hardy*, 209 B.R. 371, 373 (Bankr. E.D. Va. 1997) (in deciding motion to reopen, court must determine if underlying cause of action is likely to be sustained).

27.     The Debtor's only request for relief in the Motion asks the Court "to reopen its bankruptcy so that Debtor can seek enforcement of the terms in the Confirmation Order requiring Creditor RREF to release Debtor and Guarantor from the debts associated with Lots 9, 10, 11, 12." *See* Motion at pp. 5-6, ¶ 20.

28.     As explained above, RREF has repeatedly communicated to the Debtor orally and in writing that it will provide such a release to the Debtor and the Guarantor from the Debt. *See* ¶¶ 21-22; Ex. C, D. RREF is awaiting documentation from the Debtor's counsel to consummate such release. In the interim, RREF has not and will not pursue the Debtor or the Guarantor for any personal liability arising from Debt 2. Furthermore, RREF agrees that it is obligated to provide such a release per the terms of the Confirmation Order. *See* Confirmation Order, p. 3-4, ¶ 13. Accordingly, there is no dispute between the parties. Nevertheless, the Debtor continues to prosecute its Motion. But there simply is no reason to reopen the Bankruptcy Case – the Debtor's grievances have already been resolved.

29.     The Debtor has offered no compelling reason – indeed, it has offered no reason at all – why the Bankruptcy Case should be reopened. A debtor's justification for reopening the Bankruptcy Case must be particularly convincing where, as here, an extended lapse of time (nearly two-and-a-half years) has passed between the closure of the chapter 11 case and the filing of Motion. The Debtor has not and cannot provide any such justification.

30.     To be clear, there is no relief that the Court can provide to the Debtor. There are no issues for this Court to adjudicate. There being no viable relief available to the Debtor by reopening the Bankruptcy Case, it becomes clear why the Debtor filed the Motion. The Debtor's request to reopen the Bankruptcy Case is a misguided attempt to hinder RREF in its state law efforts to collect on the indebtedness reflected by Debt 1.

31.     The relief requested in the Debtor's Motion has been satisfied, and the Debtor provides no compelling justification for reopening the Bankruptcy Case. Therefore, the Motion should be denied.

## IV. REQUEST FOR RELIEF

32. RREF respectfully requests that, upon oral, in-person hearing of this Objection, the Court take the following action:

(1) set the Motion for hearing and permit counsel to appear in person;

(2) deny the Debtor's request to reopen the Bankruptcy Case; and

(3) grant such other and further relief as is just and equitable.

*[Signature page follows]*

**OBJECTION TO DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE**     - Page 8

Dated:  June 4, 2015

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ Thomas Scannell*
Robert T. Slovak (TX 24013523)
Rachel Kingrey (TX 24068616)
Thomas Scannell (TX 24070559)
Matthew Pyeatt (TX 24086609)
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214-999-4685
Facsimile: 214-999-3685
rslovak@gardere.com
rkingrey@gardere.com
tscannell@gardere.com
mpyeatt@gardere.com

**RREF CB SBL II-TX, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing Objection was served electronically by the Court's ECF/PACER system on June 4, 2015.

*/s/ Matthew Pyeatt*
Matthew J. Pyeatt

Gardere01 - 6738719v.3

**OBJECTION TO DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE**          - Page 9

CAUSE NO. C-6420-14-G

| | | |
|---|---|---|
| RREF CB SBL II-TX, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| | § | |
| JULIO C. PERALES | § | |
| | § | |
| Defendants. | § | 370TH  JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff RREF CB SBL II-TX, LLC ("RREF") files this First Amended Petition against Julio C. Perales ("Perales" or "Defendant") and shows the Court as follows:

### I.  DISCOVERY CONTROL PLAN

Pursuant to TEXAS R. CIV. P. 190.3, RREF intends to conduct discovery under a Level 2 Discovery Control Plan.

### II. PARTIES

1.      Plaintiff RREF is a Delaware limited liability company.

2.      Defendant Perales is an individual residing in Hidalgo County, Texas.  Perales may be served at 2623 S. Bridge, Weslaco, Texas 78596, or wherever he may be found.  Perales has appeared in this case and may be served as provided by Texas Rule of Civil Procedure 21a.

### III. JURISDICTION AND VENUE

3.      This Court has jurisdiction over the parties as Defendant is a Texas resident, maintains a principal residence in Texas, and has voluntarily submitted to this Court's jurisdiction by appearing in this case.  Further, this Court has jurisdiction over the parties as Defendant has done business in Texas and/or because the Defendant has had sufficient minimum or continuing contacts with Texas and is amenable to service by a Texas court.

4.      Subject matter jurisdiction of this case is proper because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

5.      Venue is proper in this district pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2) because Hidalgo County, Texas, was the county of Perales' residence at the time the causes of action asserted herein accrued.  In addition, venue is proper in this district pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because Hidalgo County, Texas, is the county where all or a substantial part of the events giving rise to the claims alleged herein occurred.  Alternatively, venue is proper in Hidalgo County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.035(a).

## IV. FACTUAL BACKGROUND

6.      On or about February 3, 2006, JCP executed a promissory note (as amended, restated, or modified from time to time, the "█292 Note") payable to Texas State Bank, as lender, evidencing a loan in the original principal amount of $140,000.00.  The █292 Note was signed on behalf of JCP by Julio C. Perales, President of JCP's General Partner, JCP Management, L.L.C.  A true and correct copy of the █292 Note is attached hereto as **Exhibit 1**, and is incorporated herein by reference as if fully copied and set forth at length.

7.      By Extension of Real Estate Note and Lien dated on or about May 1, 2006 (the "█292 Extension"), the maturity date was extended to May 1, 2011.  The █292 Extension was signed on behalf of JCP by Julio C. Perales, President of JCP's General Partner, JCPP Management, L.L.C.  A true and correct copy of the █292 Extension is attached hereto as **Exhibit 2**, and is incorporated herein by referenced as if fully copied and set forth at length.

8.      On February 3, 2006, and as a condition of and in partial consideration for the █292 Note, Perales executed a Guaranty (as amended, restated or modified from time to time,

the "█292 Guaranty") in his individual capacity.  Pursuant to the Guaranty, Perales guaranteed and became primarily obligated for, among other things, JCP's payment obligations under the █292 Note.  A true and correct copy of the █292 Guaranty executed by Perales is attached hereto as **Exhibit 3**, and incorporated herein by reference as if fully copied and set forth at length.

9.      The █292 Note was secured by a deed of trust (as amended, restated, or modified from time to time, the "█292 Deed of Trust").  The █292 Deed of Trust was signed on behalf of JCP by Julio C. Perales, President of JCP's General Partner, JCPP Management, L.L.C.  A true and correct copy of the █292 Deed of Trust is attached hereto as **Exhibit 4**, and incorporated herein by reference as if fully copied and set forth at length.

10.     The █292 Note was further secured by a security agreement dated February 3, 2006 (the "█292 Security Agreement").  The █292 Security Agreement was signed on behalf of JCP by Julio C. Perales, President of JCP's General Partner, JCPP Management, L.L.C.  A true and correct copy of the █292 Security Agreement is attached hereto as **Exhibit 5**, and incorporated herein by reference as if fully copied and set forth at length.

11.     The terms of the Loan are memorialized in the █292 Note, █292 Extension, █292 Guaranty, █292 Security Agreement and the █292 Deed of Trust (collectively and with and all other documents, instruments and agreements relating thereto, the "█292 Loan Documents").

12.     By Assignment of Loan Documents dated on or about August 9, 2012 ("2012 █292 Assignment"), Compass Bank, as successor-in-interest to Texas State Bank, transferred, pledged, and assigned all of its rights, title, claim, and interest in the Loan Documents to RREF CB SBL II Acquisitions, LLC.  A true and correct copy of the 2012 █292 Assignment is

attached hereto as **Exhibit 6** and incorporated herein by reference as if fully copied and set forth at length.

13.     By Assignment of Loan Documents dated on or about May 28, 2014 ("2014 ██292 Assignment"), RREF CB SBL II Acquisitions, LLC transferred, pledged and assigned all of its rights, title, claim, and interest in the Loan Documents to RREF.  A true and correct copy of the 2014 ██292 Assignment is attached hereto as **Exhibit 7**, and is incorporated by reference as if fully copied and set forth at length.  Since the 2014 ██292 Assignment, RREF has owned, held and possessed, and continues to own, hold and possess, the ██292 Note, ██292 Extensions, ██292 Guaranty, ██292 Deed of Trust, and all other ██292 Loan Documents.

14.     In accordance with the ██292 Loan Documents, JCP was provided loan proceeds. Notwithstanding RREF's performance in accordance with the ██292 Loan Documents, Defendant has defaulted under the ██292 Loan Documents and otherwise breached their contractual obligations.  In particular, Defendant failed to make the regular monthly payments pursuant to the terms of the ██292 Loan Documents and failed to pay the remaining outstanding principal and interest amounts on or after the ██292 Note's maturity date.

15.     By letter dated on or about December 13, 2013, a true and correct copy of which is attached hereto as **Exhibit 8**, RREF advised Defendant that, because of the defaults under the ██292 Loan Documents, the total indebtedness thereunder was due and owing (the "██292 Demand Letter").  In the ██292 Demand Letter, RREF demanded payment of the indebtedness evidenced by the ██292 Loan Documents.

16.     Despite RREF's ██292 Demand Letter, Defendant failed to cure JCP's payment defaults. The unpaid principal balance due and owing to under the Loan Documents is approximately $130,588.42, plus costs and applicable interest.

## V.  CONDITIONS PRECEDENT

17.     All conditions precedent to recovery sought herein have been met or have been waived by Defendant.

## VI. CAUSES OF ACTION

### COUNT I – SUIT ON GUARANTY

18.     RREF repeats and incorporates by reference the paragraphs above, as applicable, as if fully restated herein.

19.     As described above, the ▌292 Guaranty exists and is a valid and enforceable agreement.

20.     Perales executed the ▌292 Guaranty.

21.     RREF is the owner and holder of the ▌292 Note and the beneficiary of the ▌292 Guaranty, and is the proper party to sue for breach of the ▌292 Guaranties.

22.     RREF and its predecessors performed in accordance with the ▌292 Loan Documents.

23.     The ▌292 Note is due by its terms and the terms of the ▌292 Loan Documents.

24.     Perales has nevertheless failed to perform in accordance with the ▌292 Guaranty.

25.     RREF requests that the Court award it damages as a result of Perales' failure to perform under the ▌292 Guaranty.  Damages include the unpaid principal balance of the ▌292 Note totaling $130,588.42 as of the date of this filing, plus costs and accrued but unpaid interest, as well as all other charges allowed under the ▌292 Loan Documents, by statute and at common law.

26.     As of the date of suit, Perales' failure to perform in accordance with the ▌292 Guaranty has damaged RREF in an amount in excess of the minimum jurisdictional limits of this

Court, and RREF is entitled to a judgment for economic damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs of court an amount to be proven by RREF.

### COUNT II – ATTORNEYS' FEES

27.     RREF repeats and incorporates by reference the paragraphs above, as applicable, as if fully restated herein.

28.     RREF also seeks to recover its reasonable and necessary attorneys' fees from Defendant under the terms of the ██292 Loan Documents and TEX. CIV. PRAC. & REM. CODE § 38.001 et seq.

## IV.     REQUEST FOR RELIEF

For the reasons set forth herein, RREF respectfully requests that:

a)  RREF receive a judgment against Defendant for all economic damages as requested herein;

b)  RREF recover pre-judgment interest and post-judgment interest as allowed by contract and law, and at the highest rate allowed by law;

c)  RREF receive a judgment against Defendant for costs of court;

d)  RREF receive a judgment against Defendant for attorneys' fees;

e)  RREF receives a judgment holding Defendant liable for all amounts requested herein; and

f)  The Court award all other relief at law or in equity to which RREF may show itself entitled.

Respectfully submitted,

_/s/ Rachel Kingrey_ _____
Robert T. Slovak
State Bar No. 24013523
rslovak@gardere.com
Rachel Kingrey
State Bar No. 24068616
rkingrey@gardere.com
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 999-4893          Telephone
(214) 999-3893          Facsimile

**ATTORNEYS FOR PLAINTIFF
RREF CB SBL II-TX, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of June, 2015, a true and correct copy of the foregoing document was served via email on the following counsel of record:

Richard D. Gonzales
Garza & Gonzales, P.L.L.C.
5429 N. 23rd St., Suite D
McAllen, Texas  78504
Richard@gg-attorneys.com

_/s/ Rachel Kingrey_ _____

ATTORNEY IN FACT:         RREF CB SBL II-TX, LLC

FORECLOSURE AGAINST:     JCP PROPERTIES LTD

**Exhibit B**

PROPERTY DESCRIPTION:     Lots 9-12 20th Street, Bonita Homes Subdivision,
WESLACO, TX 78596, USA

INITIAL BID AMOUNT:         $

FINAL BID AMOUNT FOR REAL ESTATE: $93,000

GRANTEE TO BE NAMED IN DEED UNDER POWER:

AUTHORIZED BY:

    Print Name:   **Brell Tarich**

    Signature:    _____

**THE FOLLOWING TO BE COMPLETED AT FORECLOSURE SALE:**

PURCHASER AT FORECLOSURE SALE: _RREF CBSB2_ _10:22 Am_

AMOUNT: $_93000_

DATE AND TIME OF SALE: _4/7/15_

ATTORNEY: _____

**AGENDA**
**OF THE PUBLIC FORECLOSURE SALE**
**CONDUCTED AT THE**
**COURTHOUSE, HIDALGO COUNTY, TEXAS**
**APRIL 7, 2015**

I am ___Julie C. Martin___, Substitute Trustee under a deed of trust dated April 7, 2006, executed by JCP Properties, Ltd., originally held by Texas State Bank, McAllen currently held by RREF CB SBL II-TX, LLC (hereby called Lender), such Deed of Trust (as same may have been heretofore renewed, extended, amended and/or modified) being recorded as Instrument Number 1613258 in the real property records of Hidalgo County, Texas. The Deed of Trust secures, among other things, a promissory note dated April 7, 2006, currently payable to the order of the Lender, in the original principal amount of $168,000.00. Lender is the current holder of the Note and the beneficiary of the Deed of Trust.

Default has occurred according to the terms of the Deed of Trust and the Note, and the total unpaid amount of debt under the Note and payable pursuant to the Deed of Trust has been declared to be due and payable by the Lender. Accordingly, I have been authorized by the Lender to arrange for and sell, at public auction, the property described in the Deed of Trust.

A Notice of Substitute Trustee's Sale was executed for the property to be held on April 7, 2015, and at least twenty-one (21) days prior to today the same to be posted at the courthouse door of Hidalgo County, Texas or at such other location as may be designated from time to time by the Commissioners Court of Hidalgo County, Texas in Hidalgo County, Texas and filed with the office of the County Clerk of Hidalgo County, Texas. Written notice of the Substitute Trustee's Sale was also served by certified mail on each debtor obligated to honor the terms of the Note and Deed of Trust at least twenty-one (21) days preceding this date. Such service of notice was completed upon deposit of the notice enclosed in a postpaid wrapper, properly addressed to each debtor at the most recent address as shown by the records of Lender, in a post office or official depository under the care and custody of the United States Postal Service.

The Notice of Substitute Trustee's Sale reads as follows:

**EXHIBIT A**

**REAL PROPERTY**

All of Lots 9, 10, 11, 12, BONITA HOMES SUBDIVISION, an Addition to the City of Weslaco, Hidalgo County, Texas, according to the map recorded in Volume 45, Page 153, Map Records in the Office of the County Clerk of Hidalgo County, Texas, reference to which is here made for all purposes.

**[READ THE NOTICE OF SUBSTITUTE TRUSTEE'S SALE WHICH IS ATTACHED HERETO AS EXHIBIT "A".]**

The property described in the Notice of Substitute Trustee's Sale that I have just read, together with any and all other property described in the Deed of Trust, including, but not limited to, any and all personal property, fixtures, improvements and appurtenances described therein, will now be sold to the highest bidder for the highest and best cash bid, the proceeds to be applied in accordance with the provisions of the Note and the Deed of Trust.

I now call for cash bids on the property. Each bidder will please state his or her name, for whom they are bidding and the amount of each bid made:

<u>Bids in the Order Made</u>

<u>Name</u>                                      <u>Representing</u>                                      <u>Amount Bid</u>

1. John C Martin     RREF CB SBL II - TX LLC     $ 93000

2. _____     _____     $_____

3. _____     _____     $_____

4. _____     _____     $_____

5. _____     _____     $_____

6. _____     _____     $_____

7. _____     _____     $_____

8. _____     _____     $_____

Do I hear any further bids? _____

Explanation: _____

_____

_____

Does _____, as the highest and best cash bidder require time to obtain cash in the amount of its bid? _____

IF YES:  Hearing no further bids, this sale is adjourned until _____ o'clock p.m., at which time this sale will reconvene if _____ has not delivered cash to me, as Substitute Trustee, in the amount of _____'s bid; provided, however, that if _____ delivers said cash, the property will be sold to _____ and this sale shall be concluded. **[THE TIME FOR RECONVENING THE SALE MUST BE WITHIN THREE (3) HOURS OF THE POSTED SALE TIME ON TUESDAY, APRIL 7, 2015, AND YOU SHOULD COMMENCE BIDDING ON BEHALF OF LENDER AT THEIR MINIMUM BID.  IF THE SALE IS RECONVENED, PLEASE RE-READ THIS AGENDA IN FULL.]**

IF NO:  Hearing no further bids, the property is sold to RREF CBSBC II TX LLC_____, the highest and best cash bidder.

This concludes the sale.

_____, Substitute Trustee

Signature of Bidders and Witnesses, who by their execution acknowledge that the foregoing is true and correct.

Name, Address, Phone Number                    Signature

1. _____        _____

   _____

   _____

   (___)_____

2. _____        _____

   _____

   _____

   (___)_____

3. _____        _____

   _____

   _____

   (___)_____

**EXHIBIT A**

**NOTICE OF SUBSTITUTE TRUSTEE'S SALE**

*Attached*

**Hidalgo County**
**Arturo Guajardo Jr.**
**County Clerk**
**Edinburg, TX 78540**

70 2015 02600492

---

**Instrument Number:** 2015-2600492

As
Recording

**Recorded On:** April 07, 2015

**Parties:**

To

**Billable Pages:** 4

**Number of Pages:** 5

**Comment:** SUB TRUSTEE DEED

---

**\*\* Examined and Charged as Follows: \*\***

| | |
|---|---|
| Recording | 38.00 |
| **Total Recording:** | **38.00** |

---

\*\*\*\*\*\*\*\*\*\*\*\* **THIS PAGE IS PART OF THE INSTRUMENT** \*\*\*\*\*\*\*\*\*\*\*\*
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**

Document Number: 2015-2600492

Receipt Number: 1511880

Recorded Date/Time: April 07, 2015 12:28P

User / Station: E Acuna - Cash Superstation 10

**Record and Return To:**

JULIE C MARTIN

ORIGINAL RETURNED TO CUSTOMER

TX

---



**STATE OF TEXAS**
**COUNTY OF HIDALGO**

I hereby certify that this Instrument was FILED in the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Hidalgo County, Texas

Arturo Guajardo Jr.
County Clerk
Hidalgo County, TX

2600492

## SUBSTITUTE TRUSTEE'S DEED AND BILL OF SALE
### (Lender)

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| COUNTY OF HIDALGO | § | |

WHEREAS, on April 7, 2006, JCP Properties, Ltd. ("Borrower") executed as grantor a deed of trust (as same may have been heretofore renewed, amended, modified and/or extended, the "Deed of Trust") which is recorded as Instrument Number 1613258 in the real property records of Hidalgo County, Texas, which conveyed to the trustee named therein the real property described on Exhibit "A" attached hereto and made a part hereof for all purposes, together with any and all other property described in the Deed of Trust and not previously released of record, including, but not limited to, any and all personal property, fixtures, improvements and appurtenances described therein (collectively, the "Property"), which secures the present holder of the Deed of Trust, RREF CB SBL II-TX, LLC ("Lender"), successor in interest to Texas State Bank, McAllen in the payment of, among other things, the indebtedness represented by a promissory note (as same may have been heretofore renewed, amended, modified and/or extended, the "Note") dated April 7, 2006, in the original principal amount of $168,000.00, executed by JCP Properties, Ltd., originally payable to the order of Texas State Bank, McAllen and currently payable to Lender; and

WHEREAS, Lender is the present holder of the Note and the beneficiary of the Deed of Trust; and

WHEREAS, Lender has appointed the undersigned as Substitute Trustee (the "Substitute Trustee") under the Deed of Trust in accordance with and in the manner permitted by the terms of the Deed of Trust, which appointment is evidenced by that certain Appointment of Substitute Trustee (the "Appointment of Substitute Trustee") executed by Lender; and

WHEREAS, default has occurred under the terms of the Note and the Deed of Trust, and Lender has, since said default, requested Substitute Trustee to sell the Property for the purpose of satisfying the obligations arising under the Note and Deed of Trust, but only to the extent of the proceeds received; and

WHEREAS, twenty-one (21) days preceding the date of such sale, Substitute Trustee, at the request of Lender, gave written notice, as prescribed by law and in accordance with the terms of the Deed of Trust, that the Property would be sold at public auction at the courthouse in Hidalgo County, Texas or at such other location as may be designated from time to time by the Commissioners Court of Hidalgo County, Texas in Hidalgo County, Texas on April 7, 2015, at the earliest time of 10:00 AM, and no later than three (3) hours thereafter, to the highest bidder for cash (the "Notice"), by (i) posting or causing to be posted the Notice at the courthouse door of Hidalgo County, Texas or at such other location as may be designated from time to time by the Commissioners Court of Hidalgo County, Texas in Hidalgo County, Texas, and (ii) filing or causing to be filed a copy of the Notice in the office of the County Clerk of Hidalgo County, Texas; and

WHEREAS, twenty-one (21) days preceding the date of such sale, Lender served the Notice by certified mail to each debtor obligated to honor the terms of the Note and Deed of Trust at the most current address for each debtor as shown by Lender's records; and

WHEREAS, at such sale the Property was struck off by Substitute Trustee to Lender at the hour of ___10:22 am___, within three (3) hours of the notice of the earliest time of sale, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, it being the best and highest cash bidder therefor, and the total of such consideration being the best and highest cash bid therefor;

NOW, THEREFORE, Substitute Trustee, by virtue of the authority vested in Substitute Trustee by the Deed of Trust and the Appointment of Substitute Trustee, and in consideration of the foregoing premises, the receipt and sufficiency of which are hereby acknowledged, has GRANTED, BARGAINED, SOLD and CONVEYED, and by these presents does hereby GRANT, BARGAIN, SELL and CONVEY unto Lender, its successors and assigns, the Property.

TO HAVE AND TO HOLD the Property together with, all and singular, the rights and appurtenances thereto and in anywise belonging unto Lender and its successors and assigns forever, and for and on behalf of Trustor, and its successors and assigns, Substitute Trustee does hereby bind Trustor and its successors and assigns to warrant and forever defend, all and singular, the Property unto Lender, its successors and assigns, against every person whomsoever lawfully claiming or to claim same or any part thereof, insofar as authorized by said Deed of Trust.

IN ACCORDANCE WITH SECTION 61.025 OF THE TEXAS NATURAL RESOURCES CODE, ANY PURCHASER OF THE PROPERTY IS HEREBY NOTIFIED AS FOLLOWS: if the Property described hereinabove is located seaward of the Gulf Intracoastal Waterway to its southernmost point and then seaward of the longitudinal line also known as 97 degrees, 12', 19" which runs southerly to the international boundary from the intersection of the centerline of the Gulf Intracoastal Waterway and the Brownsville Ship Channel. If the Property is in close proximity to a beach fronting the Gulf of Mexico, all prospective purchasers are hereby advised that the public has acquired a right of use or easement to or over the area of any public beach by prescription, dedication, or presumption, or has retained a right by virtue of continuous right in the public since time immemorial, as recognized in law and custom. The extreme seaward boundary of natural vegetation that spreads continuously inland customarily marks the landward boundary of the public easement. If there is no clearly marked natural vegetation line, the landward boundary of the easement is as provided by Sections 61.016 and 61.017, Natural Resources Code.

State law prohibits any obstruction, barrier, restraint, or interference with the use of the public easement, including the placement of structures seaward of the landward boundary of the easement. STRUCTURES ERECTED SEAWARD OF THE VEGETATION LINE (OR OTHER APPLICABLE EASEMENT BOUNDARY) OR THAT BECOME SEAWARD OF THE VEGETATION LINE AS A RESULT OF NATURAL PROCESSES ARE SUBJECT TO A LAWSUIT BY THE STATE OF TEXAS TO REMOVE THE STRUCTURES. Any prospective purchaser of the Property which is the subject of this Notice of Substitute Trustee's Sale is hereby notified that the advice of an attorney or other qualified person should be sought before the date of sale as set forth above as to the relevance of these statutes and facts to the value of the Property to be sold pursuant to this Notice of Substitute Trustee's Sale.

IN WITNESS WHEREOF, this Substitute Trustee's Deed has been executed by Substitute Trustee under and pursuant to the provisions, powers, and authority of the Deed of Trust and the Appointment of Substitute Trustee, on April 7, 2015.

_____ Substitute Trustee

STATE OF TEXAS §
§
COUNTY OF Hidalgo §

This instrument was acknowledged before me on April 7, 2015, by Julie C. Martin, Substitute Trustee.

_____
Notary Public, State of Texas

Address of Grantee:

_____
c/o Rialto Capital
730 NW 107th Avenue
Suite 300
Miami, FL  33172

After Recording Return To:

Matt Crockett
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX  75201

DAVID R. KARLE
Notary Public, State of Texas
My Commission Expires
July 19, 2017

## EXHIBIT A

## REAL PROPERTY

All of Lots 9, 10, 11, 12, BONITA HOMES SUBDIVISION, an Addition to the City of Weslaco, Hidalgo County, Texas, according to the map recorded in Volume 45, Page 153, Map Records in the Office of the County Clerk of Hidalgo County, Texas, reference to which is here made for all purposes.

## FORECLOSURE AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HIDALGO | § |

On April 7, 2006, JCP Properties, Ltd. ("Grantor") executed a deed of trust (as same may have been heretofore renewed, amended, modified and/or extended, the "Deed of Trust") which is recorded as Instrument Number 1613258 in the real property records of Hidalgo County, Texas and which covers the property described on Exhibit "A" attached hereto and made a part hereof, and all other property described in the Deed of Trust and not previously released of record (the "Property"), which currently presently secures **RREF CB SBL II-TX, LLC** ("Lender"), in the payment of, among other things, the indebtedness represented by a promissory note (as same may have been heretofore renewed, amended, modified and/or extended, the "Note") dated April 7, 2006, executed by JCP Properties, Ltd., payable to the order of Texas State Bank, McAllen and made currently to the order of Lender.

The undersigned, having knowledge of the matters hereinafter set forth, after being duly sworn, deposes and states under oath as follows:

1. "This Affidavit is made with respect to the foreclosure sale (the "Sale") that occurred on April 7, 2015, by Lender, the then present holder of the Note and beneficiary of the Deed of Trust.

2. At the time that any notice was given to the Grantor named in the Deed of Trust and/or every other party obligated on the debt per Affiant's records, and at the time of the resulting Sale, neither the Grantor named in the Deed of Trust nor any other party obligated on the debt was a member of the armed services of the United States of America.

3. The undersigned did cause the Notice of Substitute Trustee's Sale (the "Notice"), a copy of which is attached hereto as Exhibit "B", to be posted at the appropriate place at the courthouse door of Hidalgo County, Texas or at such other location as may be designated from time to time by the Commissioners Court of Hidalgo County, Texas in Hidalgo County, Texas at least twenty-one (21) days preceding the date of the Sale.

4. The undersigned did cause the Notice to be filed in the office of the county clerk of Hidalgo County, Texas at least twenty-one (21) days preceding the date of the Sale.

5. The Sale took place within three (3) hours of the time set forth on the Notice and in the area at the Courthouse designated in the Notice which was also the same area designated by the Commissioner's Court of Hidalgo County, Texas.

6. RREF CB SBL II-TX LLC purchased the Property at the Sale for $ 93,000.--



_____, Substitute Trustee

SWORN TO AND SUBSCRIBED before me by _~Julie C. Martin~_ on _April 7_,

20_15_

_David R. Karle_
_____
Notary Public, State of Texas

DAVID R. KARLE
Notary Public, State of Texas
My Commission Expires
July 19, 2017

## EXHIBIT A

## REAL PROPERTY

All of Lots 9, 10, 11, 12, BONITA HOMES SUBDIVISION, an Addition to the City of Weslaco, Hidalgo County, Texas, according to the map recorded in Volume 45, Page 153, Map Records in the Office of the County Clerk of Hidalgo County, Texas, reference to which is here made for all purposes.

**<u>EXHIBIT B</u>**

**<u>NOTICE OF SUBSTITUTE TRUSTEE'S SALE</u>**

*Attached*



**Pyeatt, Matt**

| | |
|---|---|
| **From:** | Kingrey, Rachel |
| **Sent:** | Tuesday, May 19, 2015 6:40 PM |
| **To:** | Tony Martinez |
| Cc: | Pyeatt, Matt; Scannell, Thomas; Slovak, Rob |
| Subject: | RE: Cause No. C-1901-15-I - JCP Properties, LTD v. RREF CB SBL II-TX, LLC |

Tony,

As we discussed last week and yesterday, we believe it is in the best interest of everyone to avoid litigating a motion to re-open the bankruptcy proceeding.  My client will provide a release of the debt previously secured by lots 9-12.  Please confirm you will withdraw your motion to re-open and send me a proposed release agreement.

Sincerely,


Rachel Kingrey
**Gardere Wynne Sewell LLP**

1601 Elm Street, Suite 3000 | Dallas, TX 75201
214.999.4893 direct
972.757.2384 cell
214.999.3893 fax
Gardere | Bio | vCard


Austin | Dallas | Houston | Mexico City



*********************************************************
NOTICE BY GARDERE WYNNE SEWELL LLP
This message, as well as any attached document, contains information from the law firm of Gardere Wynne Sewell LLP that is confidential and/or privileged, or may contain attorney work product.  The information is intended only for the use of the addressee named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful.  If you have received this message in error, please delete all electronic copies of this message and its attachments, if any, destroy any hard copies you may have created, without disclosing the contents, and notify the sender immediately.  Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.


**From:** Tony Martinez [mailto:martinez.tony.jr@gmail.com]
**Sent:** Tuesday, May 19, 2015 10:18 AM
**To:** Kingrey, Rachel
**Subject:** Re: Cause No. C-1901-15-I - JCP Properties, LTD v. RREF CB SBL II-TX, LLC

Yesterday my client left me contact numbers in Mexico. As soon as I locate them, I will communicate with him.

We worked on putting the McAllen house into a listing agreement yesterday so that we can obtain funds and pay RREF.  Somewhere in the process I misplaced his Mexico contact nmbers.

1

I will get back with you.


Thanks,

Tony

On Tue, May 19, 2015 at 10:04 AM, Kingrey, Rachel <rkingrey@gardere.com> wrote:

Hi Tony,


I appreciate your email.  I have authority to continue negotiating.  Do you have an offer?




Rachel Kingrey
**Gardere Wynne Sewell LLP**

1601 Elm Street, Suite 3000 | Dallas, TX 75201
214.999.4893 direct
214.999.3893 fax
Gardere | Bio | vCard

**GARDERE**
Austin | Dallas | Houston | Mexico City

Follow @garderelaw




**From:** Tony Martinez [mailto:martinez.tony.jr@gmail.com]
**Sent:** Tuesday, May 19, 2015 9:40 AM
**To:** Kingrey, Rachel
**Subject:** Re: Cause No. C-1901-15-I - JCP Properties, LTD v. RREF CB SBL II-TX, LLC




Dear Rachel:


We remain committed to resolving this issue amicably.  If you get authority from your client to continue negotiating, please let me know,

Thanks

On Fri, May 15, 2015 at 4:32 PM, Kingrey, Rachel <<u>rkingrey@gardere.com</u>> wrote:

Tony,

My cell phone number is below.  Please don't hesitate to give me a call over the weekend. I am still hopeful we can work out a deal.

Sincerely,

Rachel Kingrey
**Gardere Wynne Sewell LLP**

1601 Elm Street, Suite 3000 | Dallas, TX 75201
<u>214.999.4893</u> direct
<u>972.757.2384</u> cell
<u>214.999.3893</u> fax
<u>Gardere</u> | <u>Bio</u> | <u>vCard</u>


Austin | Dallas | Houston | Mexico City



*********************************************************
NOTICE BY GARDERE WYNNE SEWELL LLP
This message, as well as any attached document, contains information from the law firm of Gardere Wynne Sewell LLP that is confidential and/or privileged, or may contain attorney work product.  The information is intended only for the use of the addressee named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful.  If you have received this message in error, please delete all electronic copies of this message and its attachments, if any, destroy any hard copies you may have created, without disclosing the contents, and notify the sender immediately.  Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

**From:** Nocktonick, Haley
**Sent:** Friday, May 15, 2015 3:40 PM
**To:** <u>martinez.tony.jr@gmail.com</u>

**Cc:** Kingrey, Rachel
**Subject:** Cause No. C-1901-15-I - JCP Properties, LTD v. RREF CB SBL II-TX, LLC

Mr. Martinez,

Please find attached RREF's Answer, Motion to Dissolve and Order Granting RREF's Motion to Dissolve filed today in the above-referenced.

Would you agree to have the Motion to Dissolve set for the hearing on Monday, May 18 at 8:30 am?

Sincerely,

Haley Nocktonick | Secretary
**Gardere Wynne Sewell LLP**

1601 Elm Street, Suite 3000 | Dallas, TX 75201
214.999.4508 direct
214.999.3508 fax
Gardere

# GARDERE

Austin | Dallas | Houston | Mexico City

**Pyeatt, Matt**

| | |
|---|---|
| **From:** | Tony Martinez <martinez.tony.jr@gmail.com> |
| **Sent:** | Wednesday, May 27, 2015 11:59 AM |
| **To:** | Kingrey, Rachel |
| **Cc:** | Slovak, Rob; Scannell, Thomas |
| **Subject:** | Re: FW: Motion to Reopen Extension of Time to Respond |

<u>**Exhibit D**</u>

We understand that our work schedules often make communication difficult.
We understand quite well your client's position.
Our position is simple -- while we negotiate, we work towards a solution.
In our humble opinion, it is not productive to keep litigating when there are alleged good-faith proceedings.

With that in mind, our near term negotiating options are limited by your client's actions.

Should your client choose to go forward with litigation, then we will have nothing to negotiate.

Please advise.

Tony Martinez


On Wed, May 27, 2015 at 11:45 AM, Kingrey, Rachel <rkingrey@gardere.com> wrote:

Tony,


Nothing I've said changes the fact that we are willing to negotiate with you and indeed hope to resolve this matter through settlement.


Sincerely,




Rachel Kingrey
**Gardere Wynne Sewell LLP**

1601 Elm Street, Suite 3000 | Dallas, TX 75201
214.999.4893 direct
214.999.3893 fax
Gardere | Bio | vCard


Austin | Dallas | Houston | Mexico City



**From:** Tony Martinez [mailto:martinez.tony.jr@gmail.com]
**Sent:** Wednesday, May 27, 2015 11:37 AM
**To:** Kingrey, Rachel
**Cc:** Slovak, Rob; Scannell, Thomas
**Subject:** Re: FW: Motion to Reopen Extension of Time to Respond

Allow me to understand you.

While we are contemplating good-faith negotiations, you propose to continue foreclosure proceedings and a lawsuit against a guarantor which was by the language of the Bankruptcy Confirmation Order, impermissible?

I hope that is not what you are trying to say.

If we are going to negotiate in good faith, then lets do so.  Otherwise, we are just wasting our client's time and money.

Thank you,

Tony Martinez

On Wed, May 27, 2015 at 10:44 AM, Kingrey, Rachel <rkingrey@gardere.com> wrote:

Tony,

Only one paragraph in this letter (the first) relates at all to our discussion and agreement last week.  To be clear, we do not now and have never agreed to abate the state court litigation.  We do not now and never have agreed to abstain from foreclosure. While I certainly understand you are attempting to push the envelope to favor your client, this proposed letter is so far afield it verges on dishonesty.

As we discussed last week and so there is no confusion going forward, we are opposed to your motion to re-open because there is simply no merited reason to re-open the bankruptcy. Our client has agreed to provide a release to the borrower and the guarantor for the debt previously secured by lots 9-12. Litigating a frivolous motion to reopen to obtain this release will result in unnecessary expenses. As you should be aware, FRCP 11 provides that "[e]very pleading, written motion and other paper must be signed by at least one attorney of record." FCRP 11(a). "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—**an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law . . ."** FRCP 11(b).

Be advised that if you persist with your motion, we will respond, notify the Court of our belief that you have failed to comply with the rules, and will seek to recover the fees incurred as a result of your baseless motion.

Sincerely,

Rachel Kingrey
**Gardere Wynne Sewell LLP**

1601 Elm Street, Suite 3000 | Dallas, TX 75201
214.999.4893 direct
214.999.3893 fax
Gardere | Bio | vCard


Austin | Dallas | Houston | Mexico City



**From:** Tony Martinez [mailto:martinez.tony.jr@gmail.com]
**Sent:** Wednesday, May 27, 2015 9:20 AM
**To:** Kingrey, Rachel; Elizabeth Cantu
**Subject:** Motion to Reopen Extension of Time to Respond

Dear Rachel,

Hope all is well.


Please review with your bankruptcy counsel the following term sheet that I hope addresses the issues of responding to the lawsuits and bankruptcy cases, while we work on a solution in the immediate future.


I will be in until 4:30 today and after 8PM as well.



Thanks,


Tony